NEARY v. DEVELOPMENT & FUNDING CO.

(Supreme Court, Appellate Division, Fourth Department.    July 11, 1911.)

MASTER AND SERVANT (§ 291*)—INJURY TO SERVANT—ACTIONS—INSTRUCTIONS
—REFUSAL.

In an action by a servant against the master for injuries alleged to have been caused by the master's negligence in maintaining switch tracks at a degree of curvature which bound and stopped the car plaintiff was operating from passing from the main track onto the switch, where it was a question of fact whether the car stopped upon the switch or the main track. it was error for the court to refuse a charge that the defendant was not guilty of negligence if the car stopped, not because of the binding of the curve, but upon the main track.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 291.*]

Appeal from Trial Term, Niagara County.

Action by John F. Neary against the Development & Funding Company. From a judgment for defendant, and an order denying a motion for new trial, plaintiff appeals. Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Alfred L. Becker, for appellant.
Augustus Thibaudeau, for respondent.

McLENNAN, P. J.    At the outset it is important to consider whether the plaintiff has established a cause of action against the defendant, even if plaintiff's version of the transaction and the circumstances attending the accident be interpreted most favorably to him. Concededly, at the time of the accident, the plaintiff was in the employ of the defendant; that at the time he was employed in defendant's caustic soda and bleaching powder manufactory at Niagara Falls, N. Y.; that on the third floor of the building there was a railroad track of narrow gauge, with a number of switches leading from it to holes in the floor; that the plaintiff, when injured, was engaged in using upon said track a small four-wheeled dump car for the purpose of conveying lime from the chutes to holes in the floor, through which the lime was to be dumped into the chamber below where the bleaching was done. While plaintiff was so engaged another car operated by another man was pushed against him, causing his injuries.

The learned trial justice submitted the question of defendant's negligence to the jury as follows:

"The claim of the plaintiff is that these tracks and the switches in connection with them were so improperly constructed that a car running along these tracks, or being shoved along these tracks, was liable to be caught and stopped in its movement, and that that was what caused the sudden stopping on the night in question, and that the other car, pushed or moved by his coemployé, was run against him and pinched him, and caused the injuries which he complains of."

No question was submitted to the jury as to whether or not the cars should have been equipped with brakes, or any question as to the promulgation of rules or as to the instruction of the plaintiff in the prem-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ises. So that the important question is: Was the defendant guilty of negligence because it did not construct the tracks leading from the main track in such manner that in going around a curve a car would not be stopped and thus permit another car to run into the person operating the first car?

We think the evidence wholly fails to justify the conclusion that the defendant was negligent because it had not provided a less curvature in the switches leading from the main track. There is no evidence indicating or tending to indicate that the curvature established by the defendant of the switches leading from the main track was unreasonable or dangerous, except for the fact that the car which the plaintiff was operating at the time in question bound and stopped. Of course, it is and must be perfectly well understood that a car of the character in question, or even a steam car, going around a sharp curve, will bind, and its speed be retarded. In this case the car was stopped, and another car, operated by a coemployé, who did not observe the stoppage of the first car, ran into the plaintiff, who was operating such first car.

We think the evidence wholly fails to justify the conclusion that the defendant was guilty of negligence because it did not provide switches leading from the main track of its factory with less curvature than that employed by it. Indeed, such tracks with such curvature had been used by the defendant for years, so far as appears, without any accident having resulted because of such excessive curvature.

There is no evidence tending to show that in the prosecution of its business the defendant should have provided a system of tracks with less curvature or other than it did provide in the premises; nothing to show that any other corporation in the conduct and management of such business had devised a better or safer method of trackage and transportation than had the defendant.

The proposition, even according to the plaintiff's theory, is a very simple one. A track or switch which had been used for a long time to enable an employé to push his car onto or from the main track at the time of the accident became so bound on the curve that it momentarily stopped and the plaintiff was unable to push it forward. A coemployé, following him with another car, without observing that the car which the plaintiff was pushing had stopped, ran into him and the accident in question occurred.

A request to charge, submitted by appellant's counsel, was to the effect that if the car which the plaintiff was operating stopped, not by binding upon the curve, but upon a straight track, the defendant was not guilty of negligence. The court, in substance, refused to so charge, and by that refusal we think the court committed reversible error. Under all the evidence we think it was a question of fact as to whether the car which the plaintiff was operating stopped when going around the curve, which it is alleged was negligently constructed, or whether it stopped on the straight track. Certainly, if it was stopped, not by reason of the improper construction of the curve, there being no complaint made as to improper construction of other parts of the tracks, the defendant was not guilty of negligence. We think that question is

squarely raised by the request to charge, and that the refusal of the trial judge to charge as requested constituted reversible error.

Considering all the evidence, we· have reached the conclusion that the plaintiff failed to establish actionable negligence on the part of the defendant, and that, in any event, reversible error was committed by the learned trial judge in refusing to charge as requested by defendant's counsel in the particular to which attention has been called.

Entertaining those views, it is unnecessary to express an opinion as to whether or not the verdict rendered was excessive.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur; ROBSON, J., on last ground stated in opinion only.